WILLS *v.* HURST.

(*Nashville.* January 18, 1899.)

1. PRINCIPAL AND SURETY. *Release of surety.*

Acceptance of the note of the principal obligor by an obligee, not in satisfaction, but as a mere memorandum of the amount due under the bond, does not release a surety.

2. STATUTE. OF LIMITATIONS. *On postmaster's bond.*

The limitation of three years, prescribed by Section 3838, Revised Statutes United States, for actions against sureties on the bond of a postmaster, has no application to actions against sureties on a bond given to the postmaster by his assistant.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

JOHN RUHM & SON for Wills.

A. G. GOODLET and M. T. BRYAN for Hurst.

WILKES, J. Defendant, Hurst, executed a bond to complainant, Wills, in the penalty of $10,000, conditioned for the faithful performance of his duties

as assistant postmaster at Nashville. The other defendants are his sureties. The condition of the bond, among other things, was to faithfully and promptly account for all moneys, letters, and property that might come into his hands, and pay over the same when demanded. It appears that the sums of $334.65 and $100 were charged up to Wills by the postal authorities in settling his accounts, and he paid them July 23, 1894, and December 31, 1895, respectively. The Chancellor, on hearing, gave judgment in favor of Wills for two sums, $287.21 and $76.87, against defendant and his sureties, and against defendant alone for the item of $100 and interest—in all $125.50. Only the surety, Hamilton, appealed.

The Court of Chancery Appeals report that the judgment for $76.87 is not correct, and as to that there is no appeal or further controversy. The only contention in this Court is as to the item of $287.21. The Court reports that Hurst was due Wills this amount on his accounts; that Wills took his note for this amount, and it is contended that this released the bond. The Court, however, reports that Wills only took this note as a memorandum, and not in satisfaction of the debt.

It is insisted that the bond given in this case is a statutory bond. Under the provisions of the Revised Statutes of the United States, Sec. 3838, actions against the sureties are barred after three years. This section applies alone to postmasters in their accounts with the government, and not to as-

17 P—42

sistants of the postmasters and their immediate principals. The bond is not an official one, but an individual one, intended primarily for the benefit of the postmaster, and is intended to cover such defaults as appear in this case.

We are of opinion the Court of Chancery Appeals was correct in affirming the decree of the Chancellor as to this item of $287.21, and, also, in dividing the costs of the appeal, and that complainant is not guilty of culpable negligence, and the decree of the Court of Chancery Appeals is affirmed.